Matter of Gionni LL. (Beatriz LL.)

2026 NY Slip Op 02705

April 30, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Gionni LL., Alleged to be a Permanently Neglected Child. Ulster County Department of Social Services, Respondent; Beatriz LL., Appellant.

Decided and Entered:April 30, 2026

CV-25-0749

Calendar Date: March 26, 2026

Before: Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher And Mcshan, JJ.

Lindsay H. Kaplan, Kingston, for appellant.

Ulster County Department of Social Services, Kingston (Heather D. Harp, New Paltz, of counsel), for respondent.

Donna C. Chin, Kinderhook, attorney for the child.

[*1]

Reynolds Fitzgerald, J.

Appeal from an order of the Family Court of Ulster County (Keri Savona, J.), entered March 12, 2025, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be permanently neglected, and terminated respondent's parental rights.

Respondent (hereinafter the mother) is the mother of the subject child (born in 2019) who has special needs, having been diagnosed with autism and other developmental delays.FN1 In April 2023, the mother was arrested for driving while intoxicated and endangering the welfare of a child after being found asleep on the side of the road with the child in the car. The child was removed from the mother's care after the mother tested positive for alcohol and cocaine, and was placed in foster care in May 2023. Thereafter, the mother consented to a finding of neglect by reason of impairment by alcohol, rendering her unable to care for the child. As she was not in any type of substance abuse treatment at the time, the risk to the child remained and the child's placement in foster care was continued.

In August 2024, petitioner commenced the instant proceeding alleging that the mother had permanently neglected the child. Following a fact-finding hearing, Family Court determined that, despite diligent efforts made by petitioner and its contract foster care agency Kidspeace, the mother never successfully completed or even meaningfully engaged in substance abuse treatment and thus had permanently neglected the child.FN2 A dispositional hearing was held in February 2025, wherein Family Court rendered a bench decision specifically finding that the best interests of the child would not be served by a suspended judgment but, rather, by terminating the mother's parental rights and freeing the child for adoption. A conforming dispositional order was thereafter entered on March 12, 2025, and the mother appeals from said order.

On appeal, the mother's sole contention is that Family Court should have granted her a suspended judgment rather than terminating her parental rights. "Following an adjudication of permanent neglect, the sole concern at a dispositional hearing is the best interests of the child, and there is no presumption that any particular disposition, including the return of a child to a parent, promotes such interests" (Matter of Y. SS. [E. SS.], 243 AD3d 1131, 1133-1134 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]; see Matter of Edrick PP. [Alexis QQ.], 221 AD3d 1307, 1308 [3d Dept 2023]). "While the court may decide to issue a suspended judgment rather than terminating parental rights, a suspended judgment is only appropriate where a parent has made significant progress such that a brief grace period would allow him or her to demonstrate the ability to be a fit parent, and such delay is consistent with the child's best interests" (Matter of Carmela D. [Shameeka G.], 232 AD3d 1126, 1131 [3d Dept 2024] [internal quotation marks, brackets [*2]and citation omitted], lvs denied 43 NY3d 903 [2025], 43 NY3d 903 [2025]; see Matter of Issac Q. [Kimberly R.], 212 AD3d 1049, 1054 [3d Dept 2023], lv denied 39 NY3d 913 [2023]).

At the dispositional hearing, the program manager overseeing the child's foster care placement testified that the child has been in foster care with the same parents since June 2023, and that they provide a highly structured environment, including a set routine and sensory toys.FN3 She stated that the foster parents work well with the child's school providers, his neurologist, developmental doctor, and that they work with the autism population. The manager also stated that the foster parents are very nurturing, supportive and are well bonded with the child, he is much calmer when he is with the foster parents, they are a source of comfort to him and the child is involved in all aspects of their lives including extended family activities, trips and vacations. She further stated that when the child arrived at the foster parents' residence he could not speak, but he has made progress and is now speaking some words. The program manager repeatedly testified that the foster parents are very much willing to be the adoptive parents of the child.FN4

The mother testified that she has not successfully participated in drug treatment programs. To her credit, she was candid in her admissions that she enrolled in outpatient drug treatment and was discharged for failing to attend consistently and for having positive drug test results and that she terminated her inpatient drug treatment against advice. Although she stated that within a few weeks prior to the dispositional hearing she engaged in telephone screening for a drug treatment program, at the time of the dispositional hearing she was not enrolled in any drug treatment program. The mother further testified that she loves her child, yet conceded that she had been inconsistent with visitations, had not seen the child since December 2024 and had not made any significant progress toward reunification.FN5 Considering the record in its entirety, the length of time the child has been in foster care and the mother's repeated failure to remedy her substance abuse addictions, we conclude that Family Court's determination that the best interests of the child would be served by termination of the mother's parental rights, rather than a suspended judgment, is supported by a sound and substantial basis in the record (see Matter of Carmela D. [Shameeka G.], 232 AD3d at 1131; Matter of Gabriel J. [Christina I.], 232 AD3d 1093, 1097-1098 [3d Dept 2024], lv denied 43 NY3d 901 [2025]; Matter of Daimeon MM. [Laurie MM.], 230 AD3d 1416, 1419-1420 [3d Dept 2024], lv denied 42 NY3d 910 [2025]).FN6

Aarons, J.P., Pritzker, Fisher and McShan, JJ., concur.

ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1

The child's birth father's rights were terminated for abandonment of the child by Family Court on November 11, 2024 and he is not a party to this appeal.

Footnote 2

The mother failed to appear at the September 10, 2024 fact-finding hearing, appeared by telephone for the November 11, 2024 continuation of the fact-finding hearing and failed to appear at the December 11, 2024 continuation of the fact-finding hearing.

Footnote 3

The program manager testified that there was a two-month period in spring 2024 when the child was placed in a different foster home.

Footnote 4

The manager testified at both the permanent neglect fact-finding hearing and the dispositional hearing that the foster parents are an adoptive resource for the child.

Footnote 5

In fact, the mother's visitations were suspended because the child was upset, aggressive and harmful to himself and others after visiting with the mother.

Footnote 6

We note that the attorney for the child supports termination of the mother's parental rights as being in the child's best interests.